UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENE C. WILLIAMS (#05805-095) | CIVIL ACTION |
| VERSUS | |
| UNITED STATES OF AMERICA, ET AL. | NO. 14-0015-BAJ-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 30, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE

| | |
|---|---|
| **EUGENE C. WILLIAMS (#05805-095)** | **CIVIL ACTION** |
| **VERSUS** | |
| **UNITED STATES OF AMERICA, ET AL.** | **NO. 14-0015-BAJ-RLB** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* petitioner, a federal inmate confined at the Pollock Medium Facility ("FCI"), Pollock, Louisiana, brought this action pursuant to 28 U.S.C. § 2241, complaining that he has not been given credit for 265 days that he spent in federal confinement prior to sentencing before this Court, specifically between the dates of August 11, 2011 and May 4, 2012. The petitioner asserts that whereas he was initially held in 2010 upon a state charge of being a felon in possession of a firearm, he asserts that the State ultimately dismissed that charge, and he asserts that commencing on August 11, 2011, he was subject to federal confinement and should be awarded credit for the time served thereafter against his subsequent federal sentence.

The petitioner's claim asserted pursuant to 28 U.S.C. § 2241 is not properly before this Court and must be dismissed. The United States Court of Appeals for the Fifth Circuit has held in this context that "the district of sentencing does not have jurisdiction to consider the merits of a § 2241 petition, unless the petitioner or his custodian is also located there," and does not have "discretion" to transfer the petition to another district. *Lee v. Wetzel,* 244 F.3d 370, 373-74 (5th Cir. 2001). *See also United States v. Johnson*, 463 Fed. Appx. 287 (5th Cir. 2012) (finding that the district court that sentenced the petitioner "lacked jurisdiction over [his] § 2241 petition because this petition should have been filed in the district where he was incarcerated"); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced

prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated"); *United States v. Nadie*, 2010 WL 3704918 (W.D. La. Sept. 9, 2010) (concluding that "the district of the defendant's incarceration is the *only* district that has jurisdiction to entertain a § 2241 petition, and a district court lacking jurisdiction over the § 2241 petition has no authority or 'discretion' to transfer the petition to the proper district"). Accordingly, it is appropriate that this proceeding be dismissed, without prejudice.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 be dismissed, without prejudice.

Signed in Baton Rouge, Louisiana, on September 30, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**